Gary M. Fellner, Esq.
Russell L. Porter
**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
gmfellner@pbnlaw.com
rlporter@pbnlaw.com
Attorneys for Plaintiff Ultraflex Systems of Florida, Inc.
d/b/a Ultraflex Systems, Inc.

### FOR THE UNITED STATES DISTRICT COURT
### IN THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ULTRAFLEX SYSTEMS OF FLORIDA, INC., d/b/a ULTRAFLEX SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VERITIV OPERATING COMPANY,<br><br>Defendant. | Civil Action No. 2:19-cv-13308-KM-MAH<br><br><br><br>**DECLARATION OF JOHN E. SCHLEICHER, JR.** |
| VERITIV OPERATING COMPANY,<br><br>Counterclaimant,<br><br>-against-<br><br>ULTRAFLEX SYSTEMS OF FLORIDA, INC., d/b/a ULTRAFLEX SYSTEMS, INC.,<br><br>Counterclaim-Defendant | |

John E. Schleicher, Jr.. declares under the laws of the United States of America as follows:

1. I am the Chief Executive Officer of Ultraflex Systems of Florida, Inc., d/b/a Ultraflex Systems, Inc., ("Ultraflex"), and I have personal knowledge of the facts set forth herein. I respectfully submit this Declaration in opposition to the motion of Veritiv Operating Company

4258874

("Veritiv") to transfer this case to the District Court in Delaware, or alternatively, dismiss the action in favor of Delaware state court.

2. As alleged in the complaint, Ultraflex filed this action due to non-payment of several invoices totaling $109,923.81 issued by Ultraflex to Veritiv from September 2018 to March 2019. The materials sold were rolls of specialized substrates used in the digital print media industry.

3. Veritiv filed a counterclaim, which is based on a claim of offset for defective goods that Ultraflex earlier sold separately back in October 2017 to Veritiv, which in turn, sold to its customer, Circle Graphics, Inc. Ultraflex disputes the counterclaim.

4. Circle Graphics was the company that evidently alleged defects on some of the goods sold, and Veritiv alleges that it chose to refund all monies paid to Veritiv by Circle Graphics for that material. Ultraflex issued a partial credit to Veritiv in good faith in September 2018 for the alleged defects. (Complaint, ¶ 16). Vertiv now alleges in response to the complaint that this was insufficient.

5. Circle Graphics, a key witness on the issue of alleged "defects" regarding the counterclaim, is located in Colorado. Its website shows that it has a regional office in New York. I do not believe it has any office or presence in Delaware.

6. Ultraflex has at all times done substantial business in New Jersey, including maintaining employees here and leasing a large warehouse in Randolph. Ultraflex also has a full invoicing and back-office department in Randolph. As stated in the Complaint, the invoices sent to Veritiv for the transactions at issue for which Ultraflex seeks payment came from New Jersey.

(Complaint, ¶ 13).[1] Veritiv likewise admittedly does business in Clifton and Westhampton, New Jersey. (See Veritiv Answer, ¶ 4). That includes offices and warehousing in Clifton, which is less than 45 minutes to this Court. .Ultraflex has no connection with Delaware.

7. Ultraflex and Veritiv transacted business for many years starting in 2009 (Complaint, ¶ 9). At all times, the parties exchanged routine documents such as purchase orders, sales order confirmations, and invoices.

8. Ultraflex's sales order confirmations are routinely sent to all customers, including to Veritiv, within 24 hours of receipt of the buyer's purchase order. Annexed hereto as Ex. 1 is a true copy of Ultraflex's standard terms and conditions that appear on a separate page sent with each sales order confirmation that was duly issued to Veritiv regarding the sale of all digital print media at issue from October 2017 through March 2019.

I declare under the laws of the United States of America that the foregoing is true and correct.

_____
John E. Schleicher, Jr.

Dated: August 5, 2019

---

[1] The invoices at issue in the complaint are completely separate from the invoices issued to Veritiv in 2017. The latter invoice was paid, while the former invoices have not been.